NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | **Criminal Action No. 05-592 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| WILLIAM MAYES | : | |
| | : | |
| Defendant. | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion/application for early termination of probation or supervised release term dated September 21, 2010.

      On August 4, 2005 Defendant Mayes entered a plea of guilty to one count of conspiring with others to deal in firearms without a license, in violation of Title 18, United States Code, Section 371.  On April 6, 2006, Defendant was sentenced to a forty-month term of incarceration and a three-year term of supervised release.  Defendant has been on supervised release for twenty-one months, has satisfied all terms and conditions of his probation during those twenty-one months and has satisfied all payments and community service obligations.  Based on such performance, Defendant seeks early release from probation.  While Defendant is in compliance with the terms of probation, "mere compliance with the terms of probation or supervised release

is what is expected of probationers, and without more, is insufficient to justify early termination." United States v. Caruso, 241 F.Supp. 2d 466, 469 (D.N.J. 2003); see also Title 18 U.S.C. Section 3583(e)(1) ("The Court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."); Caruso, 241 F. Supp at 468 ("There is general agreement that the early termination of probation . . . is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior.").

Here, Defendant has failed to identify any changed circumstances, such as exceptionally good behavior. Defendant simply states he has successfully "completed more than one half of [his] Supervised Release program." As discussed, compliance, alone, is insufficient for early release.

Accordingly, **IT IS** on this 24th day of September, 2010,

**ORDERED** that Defendant's motion/application for early termination be and hereby is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J